RECEIVED
JUN 27 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JESSIE JAMES ROBERTS, SR. | : CIVIL ACTION NO. CV05-1147 S |
| VERSUS | : MAGISTRATE |
| MIDLAND MORTGAGE COMPANY | : JUDGE   JUDGE HICKS |
| | MAG JUDGE HORNSBY |

## COMPLAINT

The plaintiff, Jessie James Roberts, Sr., complains of the defendant and shows the court the following:

### JURISDICTION

1. This Court has jurisdiction to hear and determine this claim based upon violations of the federal Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681, et seq.

### VENUE

2. Defendant, Midland Mortgage Company, engages in the loan business in and otherwise conducts business within the State of Louisiana.

3. The damages which have arisen as a result of the activities that constitute the basis of this action occurred within and from the Western District of Louisiana. Venue is properly laid in this judicial district pursuant to the provisions of 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff, Jessie James Roberts, Sr. ("Mr. Roberts"), is an individual of the full age of majority who resides in the State of Louisiana.

5. Defendant, Midland Mortgage Company ("Midland"), is a foreign corporation who may be served through its registered agent for service of process.

## GENERAL ALLEGATIONS

6. On August 26, 1988, Mr. Roberts and his then spouse, Evelynia Allen Roberts, obtained a loan from TCS Financial Corporation (the "Loan") to purchase property located at 802 Poleman Drive, Shreveport, Louisiana (the "Property").

7. Simultaneous with the closing on the Loan, TCS Financial Corporation assigned the loan to Troy & Nichols.

8. The Loan was then transferred by Troy & Nichols to Chase Mortgage Company ("Chase").

9. Mr. Roberts filed for a divorce from Evelynia Allen Roberts on February 22, 1995 and a community property settlement was entered giving the Property to Evelynia Allen Roberts and directing that she assume the Loan.

10. Mr. Roberts filed a bankruptcy under Chapter 7 of the bankruptcy code on February 23, 1995 and was granted a discharge on June 20, 1995.

11. Mr. Roberts was subsequently contacted by Chase regarding late payments on the Loan.

12. Mr. Roberts re-opened his bankruptcy case on March 18, 1997 and Chase was noticed with this re-opening on March 24, 1997. Chase was included as a creditor in Mr. Roberts' bankruptcy.

13. Mr. Roberts received a discharge on June 4, 1997.

14. On June 2, 1999 the Loan was assigned from Chase to MidFirst Bank.

15. Thereafter Midland Mortgage Company began to make negative reports on Mr. Roberts' Credit.

16. Mr. Roberts disputed the reports on his credit report to Experien, CSC Credit

Services and TransUnion.

17. Experian, CSC Credit Services and TransUnion each reporting agency informed Mr. Roberts that Midland Mortgage Company had verified the debt and refused to remove it from his credit report.

18. Mr. Roberts contacted the undersigned law firm which wrote letters on April 5, 2002 to Chase, and Midland setting forth the violations. Attached as Exhibit "A".

19. Again on May 28, 2002, the undersigned lawyer wrote a letter to Midland Mortgage Company setting forth the violations. Attached as Exhibit "B".

20. The undersigned lawyer was contacted by David McMillin of the law firm of Watson, McMillin & Harrison regarding the dispute.

21. Mr. McMillin informed the undersigned lawyer that the matter would be taken care of and the reports would be cleared from Mr. Roberts' credit report. The undersigned lawyer confirmed this with a letter dated August 5, 2002 attached as Exhibit "C."

22. In 2005, Mr. Roberts desired to purchase a home. In applying for credit to do same, he checked his credit and was informed that Midland was reporting that he was late on the Loan.

23. Mr. Roberts again instituted disputes with the credit reporting agencies and was informed that Midland verified the account and refused to remove same from his credit report. The response is attached as Exhibit "D."

24. The undersigned lawyer wrote letters again to David McMillin of the law firm of Watson, McMillin & Harrison regarding the dispute on May 19, 2005, May 27, 2005 and June 16, 2005 which are attached as Exhibits "E", "F" and "G," respectively.

25. As of June 17, 2005, Midland Mortgage Company was still reporting on Mr.

Roberts' account.

## CLAIMS

26. Mr. Roberts incorporates the allegations contained in paragraphs 1 - 25 as though fully set forth herein.

27. Mr. Roberts has complied with the provisions to dispute credit reports as provided in 15 U. S. C. § 1681, et seq.

28. The defendant violated federal laws and regulations, including, but not limited to, 15 U. S. C. § 1681, et seq, in relation to the reporting of credit and the investigation of disputed reports as notified by a credit reporting agency.

29. The defendant failed to comply with 15 U. S. C. § 1681, et seq.

30. The plaintiff is entitled to all remedies available to him under 15 U. S. C. § 1681, et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff requests judgment against the defendant as follows:

1. The defendant be required to remove the improper reports from Mr. Roberts credit reports to all credit reporting agencies which it has made a report.

2. The defendant be required to pay compensatory and punitive damages in an amount to be determined.

3. The defendant be required to pay all attorneys' fees and costs of the plaintiff incurred as a result of presenting this claim.

4. The court grant such other and further relief as it deems necessary.

(Signature on Next Page)

WEEMS, SCHIMPF, GILSOUL,
HAINES & CARMOUCHE
(A Professional Law Corporation)

By _____
Robert H. Shemwell, Jr.
Bar Roll No. 22616
912 Kings Highway
Shreveport, LA 71104
318/222-2100

ATTORNEYS FOR JESSIE JAMES ROBERTS, SR.